# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **OPTIS WIRELESS TECH., LLC, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**HUAWEI TECHS. CO. LTD., ET AL.,**<br><br>Defendants. | CIVIL ACTION NO.<br><br>2:17-cv-123-JRG-RSP<br><br><br><br>JURY TRIAL REQUESTED |

## JOINT MOTION FOR ENTRY OF DOCKET CONTROL ORDER

Pursuant to the Court's July 4, 2017 Order regarding a scheduling conference (Dkt. 46), Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC and PanOptis Patent Management, LLC (collectively, "Plaintiffs") and Defendants Huawei Device USA, Inc., and Huawei Device Co. Ltd., jointly request entry of a Docket Control Order.

The parties were unable to reach agreement regarding the date for "Comply with P.R. 3-3 & 3-4 (Invalidity Contentions)" and "Comply with P.R. 4-1 (Exchange Proposed Claim Terms)." but have agreed to the remainder of the Docket Control Order.  Accordingly, the parties submit herewith a proposed Docket Control Order reflecting Plaintiffs' position as **Exhibit A** and another reflecting Defendants' position as **Exhibit B.**  The parties' respective positions on the disputed date for Invalidity Contentions are as follows:

**Position on Deadlines**

    I.    **Plaintiffs' Position: P.R. 3-3 & 3-4 on Sept. 11, 2017 & P.R. 4-1 on Sept. 15, 2017**

Huawei's request to delay providing its invalidity contentions past the Court-provided default and to compress the claim construction process would unfairly prejudice Plaintiffs.  Huawei

has been on notice of five of the asserted patents since February 2017 (Dkt. 1, 14) and the remaining two patents since March 2017 (Dkt. 22). The Court originally set September 5, 2017 as the due date for Huawei's invalidity contentions in its July 4 Order. *See* Dkt. 46 at 2 (setting deadline 6 weeks after July 25 scheduling conference). Plaintiffs offered to extend that deadline to September 11, as reflected in Exhibit A, but can go no further. Simply put, the schedule does not allow any further accommodation of Huawei without causing unfair prejudice to Plaintiffs' ability to prepare its case for claim construction. With the Court's claim construction hearing set for December 1, the claim construction process should begin by September 15 (with P.R. 4-1) to allow the parties sufficient time to complete the various other claim construction tasks. Huawei's proposal would compress the schedule such that the parties would have only one week to review the P.R. 4-1 list of preliminary terms and then propose constructions—across the 7 asserted patents and nearly 100 asserted claims. Huawei's position that it should get an extension on its invalidity contentions at the expense of Plaintiffs' opportunity to prepare for its P.R. 4-1 and P.R. 4-2 disclosures is unfairly prejudicial. The due date for Huawei's invalidity contentions should be extended, at most, to September 11, and the claim construction process should begin on September 15 with P.R. 4-1.

## II. Defendants' Position: P.R. 3-3 & 3-4 on Sept. 15, 2017 & P.R. 4-1 on Sept. 20, 2017

Huawei is requesting a short extension of time, from September 5, 2017 to September 15, 2017, to provide its P.R. 3-3 invalidity contentions and P.R. 3-4 document production. Plaintiffs are asserting over ninety-three (93) claims from seven technologically diverse patents. Six of the asserted patents are directed to LTE technology, but none of the LTE patent share a common specification. The seventh patent is directed to image compression/decompression, which is agnostic to LTE technology. Originally, Huawei had requested until October 3, 2017 to meet its obligations under P.R. 3-3 and 3-4. During the parties' meet and confer, Huawei offered September 15, 2017 as the P.R. 3-3 and 3-4 date, and September 20, 2017 as the P.R. 4-1 date. In response,

Plaintiffs offered September 11, 2017 as the P.R. 3-3 and 3-4 date, and insisted on retaining its proposal for moving the P.R. 4-1 date for identification of claim terms from the original date of July 28, 2017 to September 15, 2017. During the meet and confer, Plaintiffs claimed that it needed to see Huawei's invalidity contentions before it could identify claim terms for construction, and it needed twelve days to propose preliminary claim constructions for the identified terms (P.R. 4-2). However, under the originally proposed schedule from the Court, Plaintiffs would have had to identify terms for claim construction, and propose preliminary claim constructions, well before Huawei's invalidity contentions would have been due. Huawei's proposed dates for P.R. 3-3 and 3-4, and P.R. 4-1, provide sufficient time for the parties to meet their invalidity contentions and claim construction obligations.

Dated: August 8, 2017

Respectfully submitted,

| /s/ David T. DeZern | /s/ Paul J. Wilson (with permission by David T. DeZern) |
|---|---|
| Kevin L. Burgess – Lead Counsel<br>Texas State Bar No. 24006927<br>kburgess@McKoolSmith.com<br>Steve J. Pollinger<br>Texas State Bar No. 24011919<br>spollinger@McKoolSmith.com<br>Scott L. Cole<br>Texas State Bar No. 00790481<br>scole@McKoolSmith.com<br>Yusuf A. Rangwala<br>Texas State Bar No. 24086557<br>yrangwala@McKoolSmith.com<br>Kevin P. Hess<br>Texas State Bar No. 24087717<br>khess@McKoolSmith.com<br>Christine M. Woodin<br>Texas State Bar No. 24100051<br>cwoodin@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>300 W. 6th Street Suite 1700<br>Austin, TX 78701<br>Telephone: (512) 692-8700<br>Telecopier: (512) 692-8744<br><br>Samuel F. Baxter<br>Texas State Bar No. 1938000<br>sbaxter@McKoolSmith.com<br>Jennifer Truelove<br>Texas State Bar No. 24012906<br>jtruelove@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>104 E. Houston Street, Suite 300<br>Marshall, TX 75670<br>Telephone: (903) 923-9000<br>Telecopier: (903) 923-9099<br><br>Marcus L. Rabinowitz<br>Texas State Bar No. 24098293<br>mrabinowitz@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court, Suite 1500<br>Dallas, TX 75201 | Paul J. Wilson (pwilson@cov.com)<br>DC Bar No. 473645<br>COVINGTON & BURLING LLP<br>One CityCenter, 850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: (202) 662-6000<br>Facsimile:   (202) 662-6291<br><br>Stanley Young (syoung@cov.com)<br>CA Bar No. 121180<br>Robert Haslam (rhaslam@cov.com)<br>CA Bar No. 71134<br>Anupam Sharma (asharma@cov.com)<br>CA Bar No. 229545<br><br>COVINGTON & BURLING LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94065-1418<br>Telephone: (650) 632-4700<br>Facsimile:   (650) 632-4800<br><br>Michael C. Smith<br>(michaelsmith@siebman.com)<br>Texas Bar No. 18650410<br>SIEBMAN, BURG, PHILLIPS &<br>SMITH, LLP<br>113 East Austin Street<br>Marshall, TX 75670<br>Telephone: (903) 938-8900<br>facsimile: (972) 767-4620<br><br>**ATTORNEYS FOR DEFENDANTS HUAWEI DEVICE USA INC. AND HUAWEI DEVICE CO., LTD.** |

Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Eric S. Tautfest
Texas Bar No. 24028534
etautfest@grayreed.com
Jared Hoggan
Texas Bar No. 24065435
jhoggan@grayreed.com
David T. DeZern
Texas Bar No. 24059677
ddezern@grayreed.com
M. Jill Bindler
Texas Bar No. 02319600
jbindler@grayreed.com
David Lisch
Texas Bar No. 24077179
dlisch@grayreed.com
**GRAY REED & MCGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (469) 320-6901

**ATTORNEYS FOR PLAINTIFFS**
**OPTIS WIRELESS TECHNOLOGY, LLC,**
**OPTIS CELLULAR TECHNOLOGY, LLC**
**AND PANOPTIS PATENT MANAGEMENT,**
**LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service on August 8, 2017. Local Rule CV- 5(a)(3)(A).

*/s/ David T. DeZern*
