**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **OPTIS WIRELESS TECH., LLC, ET AL.,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.** |
| **v.** | **2:17-cv-123-JRG-RSP** |
| **HUAWEI TECHS. CO. LTD., ET AL.,** | |
| **Defendants.** | **JURY TRIAL REQUESTED** |

## ANTISUIT INJUNCTION

Now before the Court is Plaintiff PanOptis Patent Management, LLC's Emergency Motion for Antisuit Injunction in the above-styled case. The Court, after consideration, is of the opinion that said motion should be GRANTED.

This action commenced on February 10, 2017. In this action PanOptis asserts claims for patent infringement of seven United States patents, six of which it contends are essential to the LTE cellular standard. PanOptis further seeks a declaratory judgment that its offer to Huawei of a global license to the PanOptis SEP portfolio complies with PanOptis' FRAND obligations. On May 19, 2017, Huawei answered, denying infringement, challenging validity, and asserting, *inter alia*, the affirmative defenses of patent misuse, actual or implied license, unclean hands, estoppel, breach of contract, and unenforceability, all of which are predicated on the allegation that Plaintiffs violated their obligation to offer FRAND royalties to Huawei. Thus, both parties have placed the issue as to whether PanOptis has complied with FRAND before this Court for adjudication.

On July 6, 2017, after filing its answer in this case asserting breach of FRAND as the basis for multiple affirmative defenses, Huawei Technologies Co., Ltd. ("Huawei"), as well as Huawei Device Co., Ltd. and Huawei Device (Dongguan) Co., Ltd., who are affiliates of Defendant Huawei Technologies Co., Ltd., filed two claims in the Shenzhen Intermediate People's Court, against PanOptis Patent Management, LLC; Optis Cellular Technology, LLC; Optis Wireless Technology, LLC; and Unwired Planet International Ltd. These two actions are identified by their cause numbers as the 1673 case and the 1674 case (the "Chinese litigation"). Plaintiffs received notice of these actons for the first time when they were received by mail by PanOptis. In is Chinese litigation, Huawei asserts as the factual underpinning for its claims that PanOptis offered Huawei excessively high royalties for a license to the standard essential patents owned by its affiliates, which it alleges was a violation of the FRAND commitment that applies to those patents. Among other things, in the Chinese litigation Huawei seeks (1) a declaratory judgment from the Chinese court that PanOptis has violated FRAND, (2) an order globally enjoining PanOptis from asserting its patents in any forum, (3) monetary damages in the amount of approximately $14.8 million for alleged anticompetitive harm arising from PanOptis' alleged violations of FRAND; and (4) attorneys' fees.

The Court finds that Huawei's Chinese litigation is later-filed than the Plaintiffs' complaint and Huawei's affirmative defenses in this case, and substantially involves the same breach of FRAND issues that both parties placed before this Court in their pleadings. The Court finds that, in the Chinese actions, Huawei seeks adjudication of whether PanOptis has breached its FRAND obligations. That is precisely the same issue for which PanOptis seeks a declaratory judgment from this Court. The Court further finds that the violations of Chinese Anti-Monopoly Law that Huawei asserts against PanOptis are predicated on PanOptis' alleged failure to comply

with its FRAND obligations—again, the same issue that is before this Court.

The Court has fully considered the *Unterweser* factors and the totality of the circumstances and finds that Huawei's Chinese litigation threatens to frustrate the jurisdiction of this Court. This threat is manifested by Huawei's request that the Chinese court enjoin PanOptis from proceeding in this case. The Court further finds that Huawei's Chinese litigation is vexatious and oppressive. The Chinese litigation is duplicative and would force PanOptis to litigate the very same FRAND royalty rate issues that are properly before this Court in multiple fora. This would have the effect of compounding fees and costs, wasting public resources, and could possibly result in inconsistent findings that would prejudice the parties.

After balancing domestic judicial interests against concerns of international comity, the Court finds that injunction will not unduly disturb international comity. This injunction is narrowly tailored to prevent Huawei from disturbing the adjudication of claims and issues in this first-filed case.

The Court further finds that the issuance of this injunction will not unduly frustrate or delay the efficient adjudication of the parties' dispute. Huawei will suffer no harm here as a result of the Court's injunction because Huawei will still obtain a FRAND adjudication in this forum. The Court notes that Huawei, in another FRAND licensing dispute in which it is the patent owner and plaintiff, has petitioned this Court to make a FRAND rate adjudication as to its standard essential cellular patents. *See Huawei Technologies v. T-Mobile US, Inc., et al.*, Case No. 2:16-cv-715, Dkt. No. 1, ¶¶ 81-86. Thus, Huawei cannot plausibly contend that proceeding in this Court for a FRAND adjudication would cause it any prejudice or harm. Accordingly, the Court finds that no bond is necessary under these circumstances.

IT IS, THEREFORE, ORDERED that Huawei Technologies Co. Ltd., Huawei Device

USA, Inc., Huawei Device Co. Ltd., and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them with actual notice of this injunction (together, "Huawei"), including any Huawei-affiliated parties to Huawei's Chinese litigation, are hereby enjoined from (1) seeking relief in its Chinese litigation that would preclude Plaintiffs from proceeding in this case or interfere in any way with this Court's jurisdiction over this matter, and (2) pursuing adjudication of any claims or issues in the Chinese litigation that are pending for adjudication in this case, or (3) filing any further cases that would violate the prohibitions in (1) and (2) above. In addition, Huawei is ORDERED to immediately provide actual notice of this order to all parties to the Chinese litigation, and confirm in writing to Plaintiff's counsel as soon as actual notice has been provided.