IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **OPTIS WIRELESS TECH., LLC, ET AL.,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**HUAWEI TECHS. CO. LTD., ET AL.,**<br><br>　　Defendants. | Civil Action No. 2:17-cv-123 JRG-RSP<br><br>JURY TRIAL REQUESTED |

**DEFENDANTS HUAWEI DEVICE USA INC. AND HUAWEI DEVICE CO., LTD.'S OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED BRIEFING**

On September 28, 2017, Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, and PanOptis Patent Management, LLC (collectively, "PanOptis" or "Plaintiffs") filed an *Emergency Motion for Antisuit Injunction and Request for Expedited Briefing*, Dkt. No. 76 ("Emergency Motion"). In the Emergency Motion, PanOptis requests that this Court enter an injunction preventing Huawei from proceeding with two lawsuits against PanOptis in China: one seeking a determination of FRAND terms, including royalty rates for Chinese patents owned by PanOptis and alleged to be essential to the 2G, 3G, and 4G standards, and another alleging that PanOptis has abused its market dominant position in violation of Chinese anti-monopoly laws. Huawei opposes PanOptis' request for expedited briefing because it is not supported by good cause, there is no imminent threat of harm, and an expedited schedule would impede Huawei's ability to fully respond to PanOptis' allegations. This Court previously has denied requests for expedited briefing in view of the "extreme nature of the relief sought and the severe accusations made." *See Keith Dunbar v. Google, Inc.*, C.A. 5:10-CV-194-DF, Dkt.

No. 51 at *1-2 (E.D. Texas April 29, 2011). PanOptis' request that this Court enjoin multiple foreign litigations is a form of extraordinary relief that warrants careful consideration and briefing. For the reasons stated herein, PanOptis' request for expedited briefing should be denied.

In its Emergency Motion, PanOptis argues that "due to the urgent nature" of its requested relief, an expedited briefing schedule is warranted and requests the following modifications to the Court's briefing deadlines:

| Filing | Original Deadline Under Local Rule CV-7 | PanOptis' Proposed Deadline |
| --- | --- | --- |
| Huawei's Response | October 12, 2017 | October 6, 2017 at 5 p.m. |
| PanOptis' Reply | October 19, 2017 | October 11, 2017 at 12 p.m. |
| Huawei's Sur-Reply | October 26, 2017 | October 13, 2017 at 5 p.m. |

*See* Emergency Motion at *14-15.

Notably absent from the Emergency Motion is any explanation of *why* the proposed expedited briefing addresses the "urgent nature" of its motion.[1] In fact, the only two relevant points articulated in the Emergency Motion concerning the "urgency" are the assertions that PanOptis' response to Huawei's Chinese complaints are due on September 30, 2017 and that "[a]t any time, Huawei can file a motion for an order precluding PanOptis from proceeding before this Court." Emergency Motion at *4. With regard to the former, PanOptis' response in China will be due before the briefing in this Court is concluded regardless of which schedule the

---

[1] Additionally, if the issue being presented to this Court is indeed as urgent as PanOptis claims it to be, the Emergency Motion fails to explain why PanOptis took three weeks from receiving the Chinese complaints to file the Emergency Motion, or why PanOptis waited until the day before filing the Emergency Motion to inform Huawei's counsel that PanOptis intended to file the motion of the following day. *See* Emergency Motion at *18.

Court ultimately adopts. Moreover, PanOptis has represented that it will challenge the propriety of service and jurisdiction in China, which will delay consideration of the merits of the Chinese litigations for months. *See* Emergency Motion at *3 fn.2. With regard to the latter, Huawei is willing to represent—without waiving any of Huawei's rights in the foreign litigations—that it will not file a motion requesting that the China court preclude PanOptis from pursuing its claims for relief in this Court at any time before this Emergency Motion is decided by this Court.

Moreover, even if PanOptis' concerns over urgency were legitimate, the breadth and complexity of the issues raised by the Emergency Motion weigh against the imposition of an expedited briefing schedule. PanOptis relies on case law from a variety of jurisdictions, including the U.S. Supreme Court and the Ninth, Fifth, First, and D.C. Circuits, and it presents arguments regarding the interplay and differences between United States and Chinese law. *See* Emergency Motion at *iii, 7-13. PanOptis presents a declaration from Mr. Douglas Clark, a barrister of the High Court of Hong Kong, which includes opinions about the scope of Huawei's lawsuits in China and conjecture regarding Huawei's motivations for filing its lawsuits in the Shenzhen Intermediate People's Court. *See* Dkt. No. 77, Clark Decl. at *1-3. Huawei may wish to rebut this declaration with its own declaration. Moreover, the impact of PanOptis' motion is severe because it seeks to prevent Huawei from pursuing its legal rights in a foreign jurisdiction.

The proposed expedited briefing schedule also is prejudicial to Huawei. Requiring Huawei to provide a response six days earlier than the local rules would otherwise require prejudices Huawei's ability to fully respond to the Emergency Motion. Huawei's response would be due during the Chinese National Day and Mid-Autumn Festival holidays in China, which take place between October 1-8, making it difficult for Huawei to prepare its response on an expedited basis. Furthermore, PanOptis' proposed expedited briefing schedule is unbalanced

because it takes far more time away from Huawei than it does PanOptis. Under PanOptis' proposal, Huawei loses six days for its response and five days for its sur-reply. PanOptis, on the other hand, loses only two days for its reply. PanOptis was able to choose the day on which the Emergency Motion was filed; therefore, PanOptis should be the party willing to forgo extra days if it believes that the issue being presented is urgent.

In the Emergency Motion, PanOptis cautions against a "race to judgment" that could "frustrate and delay the speedy and efficient determination" of the issues in this case. Emergency Motion at *10. In providing an aggressive expedited briefing schedule that prejudices Huawei's ability to respond to the Emergency Motion, PanOptis is guilty of attempting to do just that. For the foregoing reasons, Huawei respectfully asks that the Court deny PanOptis' request for an expedited briefing schedule.

Dated: September 29, 2017

By: */s/ Thomas Garten*

Robert T. Haslam (rhaslam@cov.com)
   *Lead Attorney*
Stanley Young (syoung@cov.com)
Anupam Sharma (asharma@cov.com)
Thomas E. Garten (tgarten@cov.com)
James Hovard (jhovard@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Gregory S. Nieberg (gneiberg@cov.com)
Heng Gong (hgong@cov.com)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

Paul J. Wilson (pwilson@cov.com)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Michael C. Smith
(michaelsmith@siebman.com)
Texas Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

*Attorneys for Defendants*
**HUAWEI DEVICE USA INC. AND HUAWEI DEVICE CO., LTD.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on September 29, 2017.

*/s/ Thomas Garten*
Thomas Garten
