**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OPTIS WIRELESS TECHNOLOGY, LLC, PANOPTIS PATENT MANAGEMENT, LLC, OPTIS CELLULAR TECHNOLOGY, LLC., | § § § § | Case No. 2:17-cv-00123-JRG-RSP |
| *Plaintiffs*, | § § § | |
| v. | § § | |
| HUAWEI TECHNOLOGIES CO. LTD., HUAWEI DEVICE USA, INC.,  HUAWEI DEVICE CO. LTD., | § § § | |
| *Defendants*. | § § § | |

## REPORT AND RECOMMENDATION

In response to Huawei's anti-monopoly claims against PanOptis and its affiliates in the Shenzhen Intermediate People's Court, PanOptis filed a motion for an antisuit injunction. ECF No. 76. Relying on the Fifth Circuit's decision in *In re Unterweser Reederei, Gmbh*, 428 F.2d 888 (5th Cir. 1970), PanOptis contends that an antisuit injunction enjoining foreign litigation may issue where the foreign litigation would "(1) frustrate a policy of the forum issuing the injunction; (2) be vexatious or oppressive; (3) threaten the issuing court's in rem or quasi in rem jurisdiction; or (4) where the proceedings would prejudice other equitable consideration." *Id.* at 890.

PanOptis contends that Huawei's Chinese actions threaten to enjoin the lawsuit here because Huawei requested that the Chinese court enjoin all civil infringement actions against Huawei. Hr'g Tr. 12:4-9, Nov. 11, 2017, ECF No. 103. PanOptis may be mis-reading the scope Huawei's request concerning a "refusal to transact," which may or may not include the filing of an infringement action. *See id.* Even if not, Huawei confirmed that "the representation that Huawei made to this Court in writing is an agreement not to seek such an injunction." *Id.* 44:7-9.

1

Huawei also explained that, just as this action deals with specific United States patents and Huawei's FRAND defenses, the Chinese actions only relate to Chinese patents. *Id.* 35:10-12. Thus, although there may be similar factual disputes about PanOptis's global offer, and whether that offer complied with its FRAND obligations, the scope of any relief awarded by this court or the Chinese court extends only as far as jurisdiction allows. There is nothing obviously vexatious or oppressive in allowing the lawsuits to proceed simultaneously, nor would any relief awarded by either court overlap with relief awarded by the other.

Similarly, in light of Huawei's representation that its Chinese actions would not result in any order affecting PanOptis's ability to maintain this lawsuit, there is no apparent threat to the court's jurisdiction. There is certainly not a threat that any property involved might escape the court's jurisdiction, which was the Fifth Circuit's obvious concern in *Unterweser*. The *Unterweser* factors, therefore, do not justify an antisuit injunction.

Finally, and perhaps most important, PanOptis has not demonstrated that any injury resulting from the Chinese actions is immediate enough to warrant preliminary relief. *See, e.g.*, *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, 857 F.3d 858, 872 (Fed. Cir. 2017). As far as the court is aware, the Chinese court has not issued any orders that might affect this case. If that changes in the future, PanOptis may seek appropriate relief. *See, e.g.*, *Huawei Technologies, Co, LTD, et al. v. Samsung Electronics Co, Ltd., et al.*, No. 3:16-cv-02787-WHO, 2018 WL 1784065, at *12 (N.D. Cal. Apr. 13, 2018).

Accordingly, it is recommended:

PanOptis's motion for an antisuit injunction, ECF No. 76, should be denied without prejudice.[1]

**SIGNED this 24th day of April, 2018.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days from the entry of this Order shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).