# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **OPTIS WIRELESS TECH., LLC, ET AL.,** | |
| Plaintiffs, | Civil Action No. 2:17-cv-123 JRG-RSP |
| v. | **JURY TRIAL REQUESTED** |
| **HUAWEI TECHS. CO. LTD., ET AL.,** | PUBLIC VERSION |
| Defendants. | |

## DEFENDANTS HUAWEI DEVICE USA, INC. AND HUAWEI DEVICE CO. LTD.'S MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING DAMAGES

# TABLE OF CONTENTS

                                              Page

I. INTRODUCTION ................................................................................................................1

II. STATEMENT OF ISSUES ..................................................................................................2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS.....................................................3

      A. The Asserted Patents ................................................................................................3

      B. Licensing of the Asserted Patents.............................................................................3

      C. Licensee Products.....................................................................................................5

      D. PanOptis' and Prior Owners' Failure to Mark .........................................................6

      E. PanOptis' Evidence Relating to Notice to Huawei of Huawei's Alleged
         Infringement.............................................................................................................6

IV. APPLICABLE LEGAL STANDARDS ................................................................................7

V. ARGUMENT.........................................................................................................................8

      A. PanOptis Cannot Meet Its Burden to Prove Constructive Notice ............................8

           1. Unmarked, LTE-Compliant Products from ▮▮▮▮▮▮ Were
              Sold in the United States and Licensed to the '216 Patent................................8

           2. Unmarked, LTE-Compliant Products from ▮▮▮▮▮▮ Were Sold
              in the United States and Licensed to the '293 Patent.........................................9

           3. The ▮▮▮▮▮▮ Products practice the '216 and '293
              Patents Under PanOptis' Infringement Theory...............................................10

      B. PanOptis Did Not Provide Actual Notice of the Asserted Patents Until The
         Patents Were Included in PanOptis' Complaint ('216 Patent) and Second
         Amended Complaint ('293 Patent) ........................................................................10

VI. CONCLUSION ...................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**   Page(s)

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994) ......................................................................................... 8, 11

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................................................. 8

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) .................................................................................. 1, 8, 10

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................................................. 7

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009) ........................................................................................... 1

*Fujitsu Ltd. v. Netgear, Inc.*,
  No. 07-cv-710, 2009 WL 3047616 (W.D. Wisc. Sept. 18, 2009), *aff'd in part, rev'd in part on other grounds*, 620 F.3d 1321 (Fed. Cir. 2010) ............................................. 11, 12

*Gart v. Logitech, Inc.*,
  254 F.3d 1334 (Fed. Cir. 2001) ........................................................................................... 8

**STATUTES**

35 U.S.C. § 287(a) ................................................................................................................ *passim*

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 56 ..................................................................................... 1, 7

Local Rules CV-7 and CV-56 ................................................................................................... 1

# LIST OF EXHIBITS

| Ex. | Description |
|---|---|
| 1 | U.S. Patent No. 6,604,216 |
| 2 | U.S. Patent No. 8,437,293 |
| 3 | Excerpts from Plaintiffs' P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions |
| 4 | ███████████████████████ (POHW_00035418) |
| 5 | Excerpts from ███████████████████████ (POHW_00035495) |
| 6 | ███████████████████ (POHW_00034038) |
| 7 | Excerpts from ███████████████████████ (POHW_00034124) |
| 8 | ███████████████████ (POHW_00036051) |
| 9 | ███████████████ (POHW_00034320) |
| 10 | Excerpts from ███████████████████ (POHW_00033092) |
| 11 | Excerpts from Plaintiffs' First Amended Responses to Defendants' First Set of Interrogatories |
| 12 | Excerpts from Expert Report of Dr. Vijay Madisetti Regarding Infringement of United States Patent Nos. 6,604,216 and 7,769,238 |
| 13 | Excerpts from Corrected Expert Report of Richard D. Gitlin, Sc.D., Regarding Infringement of United States Patent Nos. 8,102,833 and 8,437,293 |
| 14 | Excerpts from ██████ User Guide (████████) |
| 15 | Excerpts from ██████ User Guide (████████) |
| 16 | ████ User Guide (████████) |
| 17 | ████ US Sales Data (████████) |
| 18 | May 8, 2012 ████ Press Release (HWPO_00174339) |
| 19 | September 23, 2014 ████ Press Release (HWPO_00174341) |

| Ex. | Description |
|---|---|
| 20 | ▮▮▮ Product Description (HWPO_00171781) |
| 21 | ▮▮▮ Product Description (HWPO_00173305) |
| 22 | ▮▮▮ Product Description (HWPO_00171780) |
| 23 | Excerpts from ▮▮▮ (HWPO_00172698) |
| 24 | Excerpts from ▮▮▮ (HWPO_00172888) |
| 25 | Excerpts from IDC Sales Data (HWPO_00174666) |
| 26 | Excerpts from Expert Report of Dr. Michael P. Akemann |
| 27 | Excerpts from Huawei's Third Supplemental Objections and Responses to PanOptis' First Set of Interrogatories |
| 28 | Excerpts from PanOptis' Responses to Defendants' Second Set of Requests for Admission |
| 29 | Excerpts from March 23, 2018 Misiag Deposition Transcript |
| 30 | July 18, 2014 Email from E. Tautfest to W. Wu (POHW_00031374) |
| 31 | July 18, 2014 Cellular SEP List (POHW_00005318) |
| 32 | July 18, 2014 Wireless SEP List (POHW_00005430) |

Pursuant to this Court's Docket Control Order (Dkt. 65; Dkt. 130), Federal Rule of Civil Procedure 56, and Local Rules CV-7 and CV-56, Huawei Device USA, Inc. and Huawei Device Co. Ltd. (together, "Huawei") hereby move for summary judgment that Plaintiffs Optis Wireless Technology, LLC, Optis Cellular Technology, LLC and PanOptis Patent Management, LLC (together, "PanOptis") are not entitled to damages for the alleged infringement that occurred prior to February 10, 2017 for U.S. Patent No. 6,604,216 (the "'216 Patent"), when PanOptis filed its initial Complaint in this matter. Huawei also seeks a ruling that PanOptis is not entitled to damages for the alleged infringement of U.S. Patent No. 8,437,293 (the "'293 Patent") that occurred prior to March 21, 2017, when PanOptis moved for leave to file its Second Amended Complaint. For the reasons set forth below, Huawei respectfully requests that this motion be granted.

## I. INTRODUCTION

The patent marking statute provides that "[p]atentees, and persons making, offering for sale, or selling within the United States any patented article for or under them . . . may give notice to the public that the same is patented" by marking the article with the patent number. 35 U.S.C. § 287(a). "If a patentee who makes, sells, offers for sale, or imports his patented articles has not 'given notice of his right' by marking his articles pursuant to the marking statute, he is not entitled to damages before the date of actual notice." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)); *see also* 35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."). "The purpose behind the marking statute is to encourage the patentee to give notice to the public of the patent." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009) (quoting *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538–39 (Fed. Cir.

1993)). Both patentees and their licensees must comply with the marking statute. PanOptis cannot show that any product practicing the '216 or '293 Patents and licensed under those patents has been marked. PanOptis is also incorrect as a matter of law that providing a bare list of hundreds of standard essential patents—covering a variety of telecommunications standards—and unaccompanied by any claim charts, allegations of infringement, or identification of allegedly infringing products, satisfies the actual notice requirement of § 287.

Below and in its interrogatory responses, Huawei has identified unmarked, licensed products that are compliant with the Long Term Evolution ("LTE") telecommunications standard. PanOptis asserts that all such products infringe the '216 and '293 Patents. These products were sold in the U.S. as of July 2014[1] through the dates of actual notice for the '216 and '293 Patents. Thus, Huawei is entitled to judgment as a matter of law that PanOptis' recovery for alleged infringement is limited by § 287(a). For the '216 Patent, PanOptis did not provide adequate notice of alleged infringement to Huawei until February 10, 2017. *See* Dkt. 1. For the '293 Patent, PanOptis did not provide adequate notice until March 21, 2017 *See* Dkt. 22.

## II.     STATEMENT OF ISSUES

1.     Whether PanOptis is barred by § 287(a) from recovering past damages for Huawei's alleged infringement prior to February 10, 2017 for the '216 Patent.

2.     Whether PanOptis is barred by § 287(a) from recovering past damages for Huawei's alleged infringement prior to March 21, 2017 for the '293 Patent.

---

[1] PanOptis wrongly asserts that it gave Huawei notice of infringement as of July 18, 2014 through lists of patents and applications that did not accuse Huawei of infringing either the '216 or '293 Patents. *See* Section III.E.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. The Asserted Patents

3. The '216 Patent issued on August 5, 2003, with 34 claims, including both method and apparatus claims. Ex. 1. PanOptis has asserted both method and apparatus claims from the '216 Patent against Huawei in this litigation. *See* Ex. 3 at 2. Telefonaktiebolaget LM Ericsson ("Ericsson") was the original assignee of the '216 Patent. *See* Ex. 1.

4. The '293 Patent issued on May 7, 2013, with 24 claims, including both method and apparatus claims. Ex. 2. PanOptis has asserted both method and apparatus claims from the '293 Patent against Huawei in this litigation. *See* Ex. 3 at 2. Ericsson was the original assignee of the '293 Patent. *See* Ex. 2.

5. ███████████████████████████████████████████████████████████████ *See generally* Ex. 4; Ex. 5 at POHW_00035495, POHW_00035498–99, POHW_00035518.

6. ███████████████████████████████████████████████████████████████ *See generally* Ex. 6; Ex. 7 at POHW_00034124, POHW_00034127–28, POHW_00034162.

### B. Licensing of the Asserted Patents

7. ███████████████████████████████████████████████████████████████ Ex. 8 at POHW_00036054, POHW_00036052 (███████████████████████████████████████).  ████████████████████████

---

2 ███████████████████████████████████████████████████████████████ *See, e.g.*, Ex. 4 at POHW_00035422 (███████████).

██████████████████████████████████████████████████████ *Id.* at POHW_00036051-52. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ *Id.* at POHW_00036052–54.

8. ████████████████████████████████████████████████

████████████████████████████████████████ Ex. 9 at POHW_00034323,

POHW_00034321 ████████████████████████████████████████

████████████████). ██████████████████████████████████████

██████████████████████████████████████████ *Id.* at

POHW_00034320–21. ██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████ *Id.* at POHW_00034321-23.

9. ████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████ *See* Ex. 10 at

POHW_00033096–100 (████████████████████████████████████



). *Id.* at POHW_00033096.

*Id.* at POHW_00033093-95, POHW_00033097, POHW_00033099-100.

**C.  Licensee Products**

10. Ex. 11 at 29.

11.  PanOptis' experts have opined that the '216 and '293 Patents are essential to the Long Term Evolution ("LTE") standard, and that it is impossible on technical grounds to practice the LTE standard without infringing the claims of these patents. Ex. 12 at ¶ 69 ('216 Patent); Ex. 13 at ¶ 634 ('293 Patent).

12.  *See, e.g.*, Ex. 14 at ; Ex. 15 at ; Ex. 16 at ; Ex. 17.

13.  *See* Ex. 18 at HWP0_00174339.

5

███████████████████████████████████████████████████████

██████████████████████████████████████ *See* Ex. 19.

14.     ████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████ *See, e.g.*, Ex. 20; Ex. 21; Ex. 22; Ex. 23 at

HWPO_00172841; Ex. 24 at HWP0_00173048; Ex. 25.[3]

15.     Huawei identified each of the above-listed products as licensed, unmarked products that "comply with the LTE Standard" and "practice the asserted claims under PanOptis' infringement theories" in its responses to PanOptis' interrogatories. Ex. 27 at 58–59.

**D.     PanOptis' and Prior Owners' Failure to Mark**

16.     ████████████████████████████████████████████████

████████████████████ Ex. 28 at RFA 3.

17.     ████████████████████████████████████████████████

████████████████████████████████████████ *Id.* at RFA Nos. 4, 7, 9; *see also* Ex. 29 at 215:9–16.

18.     ████████████████████████████████████████████████

████████ Ex. 28 at RFA 2; *see also* Ex. 29 at 215:18–23.

**E.     PanOptis' Evidence Relating to Notice to Huawei of Huawei's Alleged Infringement**

19.     ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 29 at 227:4–10.

---

[3] PanOptis' damages expert, Dr. Michael Akemann, relies on the same IDC data spreadsheet in his expert report. *See, e.g.*, Ex. 26 at ¶ 72 and n.162.

20. On July 18, 2014, PanOptis sent a list of standard essential patents ("SEPs") owned by Optis Cellular and Optis Wireless to a Huawei employee.[4] Ex. 30; Ex. 31; Ex. 32.

21. ███████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 30.

22. ███████████████████████████████████████████████ *See* Ex. 31; Ex. 32. ███████████████████████████████████████████████ *See id.* ███████████████████ *See id.*

23. █████████████████████████████████████████████ Ex. 32 at POHW_00005431. █████████████████████████ *Id.* ██ *Id.*

24. ████████████████████████████████████████████ *See* Ex. 31.

## IV. APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

---

[4] ████████████████████████████████████████████████████████████████████████████████████████

Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[C]ompliance with the marking statute . . . is a question of fact," and it is "properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and of their infringement of it." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001) (internal citations and quotations omitted). Moreover, "[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat*, 876 F.3d at 1366. A patentee's licensees must also comply with the marking statute. *Id.* "[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287. To be clear, this is a low bar." *Id.* at 1368. "Once the alleged infringer meets its burden of production, . . . the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.* Where licensed products are not marked, a patentee must provide actual notice in order to receive damages. *Id.* at 1366. "Actual notice [pursuant to § 287] requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

## V. ARGUMENT

### A. PanOptis Cannot Meet Its Burden to Prove Constructive Notice

#### 1. Unmarked, LTE-Compliant Products from ▮▮▮▮▮▮▮▮▮▮ Were Sold in the United States and Licensed to the '216 Patent

At least as early as July 2014, PanOptis' licensees were selling LTE-compliant products in the United States that were licensed to the '216 Patent.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████

     ███████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████

██████

No evidence shows that these products were marked in compliance with § 287(a). ████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

### 2. Unmarked, LTE-Compliant Products from ████████ Were Sold in the United States and Licensed to the '293 Patent

At least as early as July 2014, PanOptis licensees were selling LTE-compliant products in the United States that were licensed to the '293 Patent.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████



No evidence shows that these products were marked in compliance with § 287(a).

### 3. The ▬▬▬▬▬ Products practice the '216 and '293 Patents Under PanOptis' Infringement Theory

PanOptis' theory of infringement of the '216 and '293 Patents is based on the LTE standard. PanOptis has asserted that both patents are essential to LTE. Under PanOptis' essentiality and infringement theories, LTE-compliant devices would infringe the '216 and '293 Patents. PanOptis cannot meet its burden to prove that the ▬▬▬▬ products do not practice the patented invention of the '293 Patents, or that the ▬▬▬▬ products do not practice the patented invention of the '216 Patent. *See Arctic Cat*, 876 F.3d at 1368 ("Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention.")

### B. PanOptis Did Not Provide Actual Notice of the Asserted Patents Until The Patents Were Included in PanOptis' Complaint ('216 Patent) and Second Amended Complaint ('293 Patent)

PanOptis has asserted that Huawei was "put on notice" of infringement of patents owned by Optis Wireless and Optis Cellular, including the '216 and '293 Patents, as of July 18, 2014, when it

sent a list of SEPs owned by both entities to Huawei. Ex. 29 at 227:4–10. But an SEP list, by itself, cannot meet the actual notice requirement. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓ PanOptis did little more than provide notice of the '216 Patent's existence and ownership, which is insufficient under § 287(a).[5] *See Amsted*, 24 F.3d at 187 ("For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership."). PanOptis did not provide an "affirmative communication of a specific charge of infringement by a specific accused product or device." *Id.*

Like the plaintiffs in *Fujitsu Ltd. v. Netgear, Inc.*, No. 07-cv-710, 2009 WL 3047616 (W.D. Wisc. Sept. 18, 2009), *aff'd in part, rev'd in part on other grounds*, 620 F.3d 1321 (Fed. Cir. 2010), PanOptis appears to contend that any product sold that is compliant with any of the standards represented in its SEP lists infringed one or more of those SEPs. But as the court noted in *Fujitsu*, this type of assumption was not valid in the context of the IEEE 802.11 standard—and it is not valid here. Like the 802.11 standard at issue in that case, the LTE standard alone "has many sections that permit wireless devices to function in several ways and still comply with the standard. Obviously, not every patent in the license pool covers every section of the standard . . . ." *Fujitsu*, 2009 WL 3047616, at *9. Nothing in the materials provided by PanOptis on July 18, 2014 told Huawei which specific sections or functions of the LTE standard or any other standard were at issue, and neither the email nor its attached SEP lists specified particular products that practiced

---

5 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

those sections or functions from the relevant standards. This does not constitute actual notice. As the *Fujitsu* court noted in an analogous situation:

> It cannot be considered adequate notice for a group of patent holders pooling their patents to simply state without proof that products practicing an industry standard necessarily practice some of the pooled patents and inform parties that advertise products practicing the standard that they can obtain a license over all patents in the pool while never identifying which specific products may infringe any specific patent.

*Id.*

PanOptis did not provide actual notice, including "a specific charge of infringement by a specific accused product or device," until the filing of its original Complaint on February 10, 2017 for the '216 Patent, and the filing of its Second Amended Complaint on March 21, 2017 for the '293 Patent.

## VI. CONCLUSION

If PanOptis were to prevail on its theories of infringement—which Huawei denies—PanOptis would be barred as a matter of law from recovering damages for alleged infringement of the '216 and '293 Patents during the periods of noncompliance with § 287(a) described above.

Dated: May 14, 2018

By: */s/ Robert T. Haslam*
Robert T. Haslam (rhaslam@cov.com)
  *Lead Attorney*
Stanley Young (syoung@cov.com)
Anupam Sharma (asharma@cov.com)
Thomas E. Garten (tgarten@cov.com)
James Hovard (jhovard@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Gregory S. Nieberg (gneiberg@cov.com)
Heng Gong (hgong@cov.com)
COVINGTON & BURLING LLP
The New York Times Building

620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

Paul J. Wilson (pwilson@cov.com)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Michael C. Smith (michaelsmith@siebman.com)
Texas Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

*Attorneys for Defendants*
**HUAWEI DEVICE USA INC. AND
HUAWEI DEVICE CO., LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 14th day of May, 2018.

                                                        /s/ *Robert T. Haslam*
                                                        Robert T. Haslam