THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **OPTIS WIRELESS TECH., LLC, ET AL.,** <br><br> Plaintiffs, <br><br> v. <br><br> **HUAWEI TECHS. CO. LTD., ET AL.,** <br><br> Defendants. | Civil Action No. 2:17-cv-123 JRG-RSP <br><br> **ORAL ARGUMENT REQUESTED** |

**HUAWEI'S OPPOSITION TO PANOPTIS'
MOTION FOR ONGOING ROYALTY**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A. The Court's Decision on Ongoing Royalty Should Be Subject to Or Conditioned on the Resolution of Huawei's Forthcoming JMOL Motion. ...................1

    B. Even If the Court Awards Any Ongoing Royalty, It Should Reject PanOptis' Request for Royalty Enhancement. ................................................................................2

III. CONCLUSION ....................................................................................................................7

**I.    INTRODUCTION**

Huawei does not dispute that, if the Court denies Huawei's JMOL Motion, an award of an ongoing royalty is appropriate in principle for any patent that the Court ultimately finds is infringed and not invalid and for which pre-verdict damages are awarded. But the Court's decision on an ongoing royalty should be subject to or conditioned on the resolution of Huawei's forthcoming JMOL Motion. Moreover, to the extent that the Court ultimately awards any ongoing royalty, it should find that PanOptis has failed to meet its burden of showing that an enhancement of the ongoing royalty is warranted. Contrary to PanOptis' argument, because an injunction is not at issue in this case, the jury's findings of infringement and no-invalidity have not materially changed the parties' bargaining power after the trial. And, because an injunction is not at issue and the parties are not competitors, willfulness considerations have no place in any ongoing royalty analysis. Finally, with respect to the '238 patent, PanOptis is now in a weaker bargaining position than it was during the damages period because the advent of a new, non-infringing, video-decoding standard has decreased the relative value of the technology that the jury found infringes the '238 patent. The Court should thus deny PanOptis' request for an enhancement of any ongoing royalty award.[1]

**II.    ARGUMENT**

    **A.    The Court's Decision on Ongoing Royalty Should Be Subject to Or Conditioned on the Resolution of Huawei's Forthcoming JMOL Motion.**

Huawei intends to file by the applicable deadline a motion to enter judgment as a matter of law, grant a new trial, set aside or reduce the damages award, and/or to reconsider, correct, or amend the judgment order ("JMOL Motion"). Any resolution of the instant motion for ongoing royalty should be subject to and/or conditioned on the resolution of Huawei's JMOL Motion. For example, an ongoing royalty would not be appropriate for any patent claim that, upon resolution of

---

[1] Huawei respectfully requests oral argument for PanOptis' motion for ongoing royalty.

1

Huawei's JMOL Motion, the Court finds is invalid and/or not infringed or for which the Court sets aside the jury's damages award. Moreover, for any patent claim for which, upon resolution of Huawei's JMOL Motion, the Court reduces the jury's damages award, any corresponding ongoing royalty should be reduced to the lower royalty rate that the Court uses or in effect adopts in its reduced damages award. Huawei incorporates herein all arguments that it will set forth in its JMOL Motion to the extent that those arguments pertain to or affect the Court's decision on awarding an ongoing royalty.

Assuming that the Court ultimately finds that an ongoing royalty award is appropriate, Huawei would not oppose PanOptis' request for accounting. Indeed, on the day of filing this response, Huawei produced to PanOptis sales and shipment data covering sales through the second quarter of 2018. However, Huawei respectfully requests that the Court allow Huawei to provide sales data and make payment within 75 days after the close of each quarter, as the 60-day deadline that PanOptis seeks may not provide adequate time for Huawei to collect sales data, audit the data, and make payment.

**B.    Even If the Court Awards Any Ongoing Royalty, It Should Reject PanOptis' Request for Royalty Enhancement.**

The proper royalty rate is "a matter committed to the sound discretion of the district court." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 n.2 (Fed. Cir. 2008). In calculating an ongoing royalty award, the court uses the jury's implied royalty rate as a starting point, and then conducts "a renewed analysis of a reasonable royalty based on a post-verdict hypothetical negotiation." *Cioffi v. Google, Inc.*, No. 2:13-CV-103-JRG-RSP, 2017 WL 4011143, at *3 (E.D. Tex. Sept. 12, 2017). "The patent owner seeking a higher rate bears the burden to show that enhancement of the jury's rate is appropriate in a given case." *Id.*

Here, PanOptis cannot overcome its burden of justifying an enhancement of any ongoing royalty award. PanOptis' request for enhancement of royalty is grounded solely on the jury's findings

that (1) the asserted patents are infringed and/or not invalid, and (2) Huawei's infringement was willful. Neither finding adequately supports enhancing any ongoing royalty that the Court may award if it denies Huawei's JMOL Motion.

<u>First</u>, PanOptis errs when it argues that the jury's finding that the asserted patents are infringed and not invalid has in and of itself substantially improved PanOptis' bargaining power. Pursuant to the Court's jury instructions, the hypothetical negotiation analysis that the jury was required to undertake in calculating damages (and which PanOptis' damages expert undertook) was already based on an assumption that the asserted patents are infringed and not invalid. Dkt. 284, at 23 ("[Y]ou must assume that both parties believed the patent was valid and infringed."); *see also* Mark A. Lemley, *The Ongoing Confusion over Ongoing Royalties*, 76 Mo. L. Rev. 695, 704 (2011) ("The ongoing royalty question is the very same question the jury has just resolved: what would a willing buyer and a willing seller who know the patent is valid and infringed have agreed to as a royalty rate?"). Thus, as this Court has found, "[a]lthough the new hypothetical negotiation occurs on the date of the jury verdict, this underlying assumption—that the patents are valid and infringed—has not changed since the date of the hypothetical negotiation considered by the jury." *Cioffi*, 2017 WL 4011143, at *4. Notably, PanOptis does not contend that any other event subsequent to the trial has altered the *Georgia Pacific* analysis. Thus, there is no justification for enhancing any ongoing royalty award.

PanOptis points out that the Federal Circuit has observed that "there is a 'fundamental difference' between a 'reasonable royalty for pre-verdict infringement and damages for post-verdict infringement.'" Dkt. 326 at 2 (quoting *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1297 (Fed. Cir. 2018) and *Amado v. Microsoft*, 517 F.3d at 1360). PanOptis' reliance on *Amado* and *XY, LLC* is misplaced. In *Amado*, the district court found that a permanent injunction was appropriate but stayed the injunction pending appeal, and thus the ongoing royalty award was meant to compensate the patentee for ongoing infringement under the threat of a permanent injunction. 517

3

F.3d at 1362. Indeed, *Amado* made it clear that "[t]his is not a case … where the [district] court's task was to assess an appropriate level of damages for ongoing infringement under circumstances in which an injunction was not warranted." *Id.* Here, however, there does not appear to be any dispute that, given the nature of this litigation including PanOptis' assertion of standard-essential patents, an injunction would not be proper; and, in any event, PanOptis does not seek an injunction. And "[w]hen an injunction is found to be improper, … there appears to be no material difference between the parties' current situation and the one [they were] in at the time of the hypothetical negotiation." *EMC Corp. v. Zerto, Inc.*, No. CV 12-956 (GMS), 2017 WL 3434212, at *3 (D. Del. Aug. 10, 2017) (declining to enhance ongoing royalty); *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3034655, at *5 (E.D. Tex. July 18, 2017) (Bryson, J.) ("[T]he extent to which the imposition of an injunction is a realistic threat is an important factor that largely accounts for the difference between pre-verdict and post-verdict hypothetical negotiations."); *Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, No. 08-CV-335-IEG (NLS), 2010 WL 3070370, at *4 (S.D. Cal. Aug. 5, 2010) (finding that any disparity between pre-verdict and post-verdict royalties "is largely due to the threat of an injunction, which serves as a big stick, essentially framing negotiation in terms of how much an adjudged infringer would pay for a license to continue its infringing conduct" (citations and quotation marks omitted)); *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, No. 08-cv-1307, 2012 WL 1436569, at *12 (W.D. Pa. Apr. 25, 2012) ("The change in the bargaining position found in *Amado* was that the patentee was seeking a permanent injunction when such a remedy did not exist for sales that occurred prior to the entry of final judgment.").

PanOptis' other authority, *XY, LLC* is distinguishable because it does not address an enhancement of royalty award; rather, it holds that the district court in that case should not have reduced the ongoing royalty below the rate that the jury adopted. *XY, LLC*, 890 F.3d at 1298 ("[T]he district court identified no economic factors that would justify the imposition of rates that

4

were lower than the jury's."). In sum, the jury's findings of infringement and no-invalidity do not warrant enhancing any ongoing royalty that the Court may award if it denies Huawei's JMOL Motion.

Second, the jury's finding of willfulness does not counsel for the enhancement of any ongoing royalty that the Court may award if it denies Huawei's JMOL Motion. To begin with, for all of the reasons that Huawei will set forth in its forthcoming JMOL Motion and concurrently filed opposition to PanOptis' motion for enhanced damages—which will request in part that the Court set aside the jury's finding of willfulness or decline to enhance the damages award based on that finding—the Court should also deny PanOptis's request for enhancement of ongoing royalty based on the jury's willfulness finding. PanOptis' reliance on Huawei's withdrawal of its FRAND affirmative defenses prior to the bench trial is unwarranted for the reasons set forth in Huawei's Bench Trial Opening Brief, as no unfairness or misbehavior occurred. Dkt. 334 at 8-10.

Moreover, because there is no dispute that an injunction is not proper in this case and because PanOptis does not compete with Huawei, any continuing infringement by Huawei would be adequately compensated by ongoing royalty rate(s) equal to the rate(s) that the jury in effect adopted (or any lower rate(s) that the Court may adopt in lowering the jury's damages award upon its resolution of Huawei's JMOL Motion). Indeed, even in *Amado*, where an injunction was deemed appropriate, the Federal Circuit held that it was not appropriate to enhance the ongoing royalty award based on willfulness principles. *Amado*, 517 F.3d at 1362 ("[W]illfulness … is not the inquiry when the infringement is permitted by a court-ordered stay."). Accordingly, several district courts—including this Court—have declined to enhance an ongoing royalty award based on willfulness where an injunction is not deemed appropriate and the parties are not competitors. *See, e.g., Erfindergemeinschaft UroPep GbR*, 2017 WL 3034655, at *9 ("If it is improper to use willfulness as a basis for enhancing the ongoing royalty in a case in which an injunction has been granted and stayed,

it would seem at least equally improper to use willfulness as a basis to enhance the ongoing royalty in a situation in which the equities would not even permit the issuance of an injunction in the first place. And it may be even more improper in a case such as this one, which involves a non-competitor, in which the plaintiff chooses not to seek an injunction, and in which the defendant's continuing infringement in fact benefits the plaintiff by generating sales from which ongoing royalties can be awarded."); *EMC Corp.*, 2017 WL 3434212, at *5 (same); *Cioffi*, 2017 WL 4011143, at *4 ("[A]ll Parties are aware that no permanent injunction will issue in this case because Plaintiffs have elected not to seek a permanent injunction. Thus, future infringement will be authorized, even though Google will be required to pay a royalty for any such infringement…. Moreover, as other courts have noted, Plaintiffs receive a benefit from Google's continued infringement—an ongoing royalty for future infringing uses."). Thus, PanOptis' argument that future infringement should be deemed willful is incorrect, and applying willful principles to enhance any ongoing royalty award would be improper.

<u>Third</u>, in the case of the '238 patent, PanOptis' relative bargaining position has in fact been weakened compared to its bargaining power in the hypothetical negotiation that presumably formed the basis of the jury's damages verdict. That is because, according to Dr. Schonfeld's unrebutted testimony, a newer video decoding technology (H.265) has already succeeded the H.264 standard, and the H.265 standard does not use the CAVLC table which according to PanOptis infringes the '238 patent. *See* 8-22 PM Trial Tr. 78:24-79:17. Given this unrebutted testimony, the Court should not enhance any ongoing royalty award for the '238 patent.

In sum, given that PanOptis has not pointed to any changed circumstances since the jury delivered its verdict, it has failed to meet its burden of showing that an enhancement of the ongoing royalty would be warranted.

**III.     CONCLUSION**

For the foregoing reasons, the Court should enter any ongoing royalty award only subject to or conditioned on its resolution of Huawei's JMOL Motion. And, in any event, the Court should not enhance any ongoing royalty award.

Dated: October 2, 2018

By: */s/ Robert T. Haslam*
Robert T. Haslam (rhaslam@cov.com)
  *Lead Attorney*
Stanley Young (syoung@cov.com)
Anupam Sharma (asharma@cov.com)
Thomas E. Garten (tgarten@cov.com)
James Hovard (jhovard@cov.com)
Tess Hamilton (tahamilton@cov.com)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Gregory S. Nieberg (gneiberg@cov.com)
Heng Gong (hgong@cov.com)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (212) 841-1010

Paul J. Wilson (pwilson@cov.com)
Ali Mojibi (amojibi@cov.com)
Christopher Higby (chigby@cov.com)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Michael C. Smith (michaelsmith@siebman.com)
Texas Bar No. 18650410
SIEBMAN, FORREST, BURG & SMITH, LLP
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

*Attorneys for Defendants*
**HUAWEI DEVICE USA INC. AND HUAWEI DEVICE (SHENZHEN) CO., LTD.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 2nd day of October, 2018.

/s/ Robert T. Haslam